**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 10, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LOS ROVELL DAHDA,

Defendant - Appellant.

No. 20-3097
(D.C. No. 2:12-CR-20083-DDC-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **MATHESON**, and **McHUGH**, Circuit Judges.
_____

Proceeding pro se, Los Rovell Dahda appeals the district court's denial of release on bail pending his appeal of the sentence imposed on resentencing for convictions stemming from his participation in a marijuana distribution network.[1] Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3145(c), we affirm.

## Background

As pertinent here, Dahda's convictions included one count of conspiring to manufacture, distribute, and possess with intent to distribute 1,000 kilograms or more

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Dahda is representing himself, we construe his pleadings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

of marijuana, and to maintain a drug-involved premises, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(vii), 846, and 856, and 18 U.S.C. § 2 (the conspiracy conviction), and one count of maintaining a drug-involved premises, in violation of § 856 (the substantive drug-involved premises conviction). The district court initially sentenced him to 189, 60, and 40 months' imprisonment and imposed a fine of almost $17 million. On direct appeal, Dahda challenged his convictions, the fine, and the 189-month sentence on the conspiracy conviction. We affirmed the convictions and the challenged sentence, but we reversed the fine and remanded for reconsideration of the amount because the amount of the fine exceeded the statutory maximum. *United States v. Dahda*, 853 F.3d 1101, 1118 (10th Cir. 2017), *aff'd*, 138 S. Ct. 1491 (2018) (*Dahda I*). Dahda's brother, Roosevelt Dahda, was a codefendant and in a separate opinion, we affirmed Roosevelt Dahda's convictions but remanded for a reassessment of the quantity of marijuana attributable to him and for resentencing. *See United States v. Dahda*, 852 F.3d 1282, 1287, 1295, 1298 (10th Cir. 2017), *aff'd*, 138 S. Ct. 1491 (2018).

On remand, Dahda argued that, in addition to recalculating his fine, the district court should recalculate the drug quantity attributable to him in light of this court's ruling in his brother's appeal. More specifically, relying on *Alleyne v. United States*,

570 U.S. 99 (2013),[2] and *United States v. Ellis*, 868 F.3d 1155 (10th Cir. 2017),[3] which was decided shortly after we issued *Dahda I*, he argued that because the jury did not make a specific finding on attributable drug quantity on the conspiracy charge, the court should resentence him on that conviction based on the five-year statutory maximum applicable to a drug offense involving less than 50 grams of marijuana, *see* 21 U.S.C. § 841(b)(1)(D). He also filed a motion for immediate release from custody under § 3145(c) pending resentencing. Like the motion to expand the scope of the remand, Dahda's motion for immediate release relied on *Ellis*—he maintained that he should be released because, under *Ellis*, the maximum prison sentence the court could impose for the conspiracy count at resentencing was five years and he had already served almost seven years.

The district court denied the motion for release, concluding that even under the reasoning in *Ellis*, a five-year statutory maximum sentence was inapplicable to the conspiracy conviction because the jury found Dahda guilty of conspiracy to maintain a drug-involved premises, which, like the substantive drug-involved premises conviction, carries a statutory maximum penalty of twenty years' imprisonment

---

[2] In *Alleyne*, the court held that "any fact that increases the mandatory minimum [sentence] is an 'element' that must be submitted to the jury" "and found beyond a reasonable doubt." 570 U.S. at 103.

[3] In *Ellis*, the defendant was convicted on drug conspiracy charges under §§ 841(a)(1), (b)(1)(A), 846, and 851, and the district court imposed a mandatory-minimum life sentence. 868 F.3d at 1160. Based on *Alleyne*, we held that the sentence violated Ellis's Sixth Amendment rights because the conspiracy-cocaine amounts were an element of the offense for sentencing purposes and the jury had not made a finding of the amounts individually attributable to him. *Ellis*, 868 F.3d at 1169-70.

regardless of drug quantity, *see id.* § 856(b). We affirmed the denial of the motion for release on the alternative basis that the "patently deficient motion" failed to show that he met the conditions for release in 18 U.S.C. § 3143(a)(1). *United States v. Dahda*, No. 19-3099, Order and Judgment at 5 (10th Cir. July. 3, 2019) (*Dahda II*). In particular, we noted that Dahda's motion "offered no evidence supporting [] a finding" that he was not likely to flee or pose a danger to the community if released, and that on appeal, he relied only on the evidence presented at his initial detention hearing despite the fact that the district court had found based on that evidence that he posed a serious flight risk and that no conditions would reasonably assure the safety of the community. *Id*.

On resentencing, the district court sentenced Dahda to 135 months' imprisonment for the conspiracy and drug-involved premises convictions, and imposed lesser terms on the remaining counts, all to run concurrently. The court rejected Dahda's argument that his sentence on the conspiracy count was capped at five years under § 841(b)(1)(D). His appeal of that sentence is pending.

After resentencing, Dahda filed a motion in the district court for release pending appeal. The court denied the motion for reasons discussed more fully below, and Dahda now seeks review of that order.

## Discussion

### 1. Legal Standards

We review the district court's ultimate detention decision de novo because it presents mixed questions of law and fact, but we review the underlying findings of

4

fact for clear error. *United States v. Cisneros*, 328 F.3d 610, 613 (10th Cir. 2003). "A finding is clearly erroneous when, although there is evidence to support it, the reviewing court, on review of the entire record, is left with the definite and firm conviction that a mistake has been committed." *United States v. Gilgert*, 314 F.3d 506, 515 (10th Cir. 2002) (brackets and internal quotation marks omitted).

Because Dahda was convicted of a drug-related offense that carries a maximum term of imprisonment of ten years or more, he needed to satisfy the requirements of both 18 U.S.C. § 3143(b)(1) and § 3145(c) to obtain his release pending appeal. *See id.* § 3143(b)(2) (detention mandatory for person convicted of offense in § 3142(f), which includes drug offenses with a maximum term of imprisonment of ten years or more); § 3145(c) (person otherwise subject to mandatory detention under § 3143(b)(2) may be ordered released for exceptional reasons). First, he was required to demonstrate by clear and convincing evidence that he is "not likely to flee or pose a danger to the safety of any other person or the community if released," *Id.* § 3143(b)(1)(A). He was also required to demonstrate (1) that "the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in . . . a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process," *id*. § 3143(b)(1)(B)(iv);[4] and (2) that "there are exceptional reasons why

_____

[4] Dahda seeks immediate release pending his appeal. We note, however, that the only relief he can obtain under § 3143(b)(1)(B)(iv) is an order terminating his detention "at the expiration of the likely reduced sentence."

5

[his] detention would not be appropriate," *id.* § 3145(c). But when a defendant fails to meet any one of the requirements of § 3143(b)(1), the inquiry ends and the court need not address whether § 3145(c) showing has been made.

## 2. District Court Motion and Order

In support of his motion for release in the district court, Dahda presented evidence that he would not be a flight risk and, based primarily on his good behavior while in custody and his disagreement with the factual findings that underpinned the district court's initial detention order, he maintained that he would not pose a danger to the community if released. He further maintained that his appeal presents a substantial question of law (the *Alleyne/Ellis* argument) that is likely to result in a shorter sentence than the amount of time he has already served. And he maintained that exceptional reasons justify his release pending appeal, including that he risks overserving his sentence; his appellate counsel was ineffective; he needs to be tested to determine whether he is a possible match to his sister, who needs a kidney transplant; and he suffers from an auto-immune disease that increases the risks of severe illness if he contracts the COVID-19 virus.

The district court rejected Dahda's arguments and denied his motion. With respect to the § 3143(b)(1) requirements, the court found that although Dahda successfully demonstrated that he is not a flight risk, he failed to show by clear and convincing evidence that he would not pose a danger to the community. The court explained that, while a "positive factor," the fact that he "has served several years in prison with no significant disciplinary incidents" did not "lessen the court's concern

6

that if released, he poses a serious risk to the safety of the community." Aplee. Bail Mem. Br., Attach. B at 6. The court found it significant that early in the charged conspiracy, Dahda was on supervised release in another case in which he pleaded guilty to providing false information to acquire a firearm and possession of an unregistered sawed-off shotgun. Reiterating its finding in the initial detention order, the court again held that Dahda "poses a serious risk of sophisticated, large-scale drug trafficking based in part on [his] long-term history of assaultive behavior, history relating to drug abuse, significant prior criminal record, committing the charged conduct while on supervised release in this court[,] and an unverified release plan." *Id.* Although the district court could have denied Dahda's motion based solely on its dangerousness determination, *see* § 3145(c), the court also considered and rejected his other arguments.

### 3. Arguments on Appeal

Dahda's arguments on appeal focus primarily on the district court's findings that his appeal does not raise a substantial question and that he did not show exceptional reasons why his detention is inappropriate. But we need not address those arguments because we agree with the district court's determination that he did not meet his burden to show by clear and convincing evidence that he would not pose a danger to the community if released.

Dahda challenges the district court's dangerousness determination on two grounds. First, he downplays the dangerousness of marijuana distribution, claiming that "marijuana offenses raise fewer concerns than other offenses that carry similar

7

penalties." Aplt. Bail Memo. Br. at 2. Second, he contends that the district court denied his motion for release based on what he characterizes as a "dated detention order" that he contends was based on findings that were "clearly incorrect based on the record of the case." *Id*. at 1 (capitalization omitted). In other words, he disagrees with the fact findings that underpinned the district court's initial detention order.

For example, Dahda disputes that he presents a risk of "sophisticated, large-scale drug trafficking," *id.* at 2 (capitalization omitted), noting that "there is nothing special about using a cell phone" to facilitate drug distribution, *id*., and that the jury did not make a finding of drug quantity attributable to him. He also disputes the district court's finding that he had a history of assaultive behavior, explaining that he committed an assault in self-defense when he was a young man and has not committed any violent offenses since then. He quibbles with the court's finding that he had a history of drug abuse, claiming he only "smoked marijuana on two occasions during his lifetime," drank alcohol once every few months "but never to the point of intoxication," and "never failed or refused a urinalysis while in custody or on supervision." *Id*. at 3 (emphasis omitted). Next, while he offers to "defer to the court on whether this prior criminal record is significant or not," *id*., he points out that the revised presentence report rated his recidivism risk as low. And finally, he disagrees with the district court's finding that he was involved in the conspiracy that led to his convictions in this case while on supervised release for firearms offenses in another case, ignoring the fact that, as the district court explained, although the prosecution's evidence at trial focused on events that occurred after his supervision

8

in the other case had ended, the jury found him guilty of a conspiracy that began eight months before he was released from prison and almost three years before his supervision ended.

As was the case with his motion for release pending resentencing, *see Dahda II*, he presented no new evidence in the district court, much less clear and convincing evidence, that would support a finding that he was not likely to pose a danger to the community if released, and his arguments on appeal consist primarily of disputes about the district court's factual findings in his initial detention order. But his attacks on those findings do not establish that they are clearly erroneous. Accepting the district court's findings of historical fact and based on our de novo review of the record, we agree with the district court's determination that Dahda presents a danger to the community, despite his view that, unlike other drug-related crimes, marijuana offenses do not pose a threat to society. In any event, there is ample evidence of his potential dangerousness apart from his involvement with marijuana distribution, including his previous firearms convictions and other criminal history.

We affirm the district court's order denying Dahda's motion for release pending appeal.

Entered for the Court
Per Curiam
